Motion to amend remittitur granted, return of remittitur requested and, when returned, it will be amended by adding thereto the following: Upon this appeal there were presented and necessarily passed upon questions under the Constitution of the United States, as follows:
*854 1. Appellant contended that the acts of the State of New York in affirmatively sanctioning by court order the interception of the telephone communications between George Scalise and appellant and, after having so intercepted, compelling the attendance of appellant as a witness from another State to divulge said intercepted telephone communications under threat and compulsion of contempt were a denial to appellant of due process of law in violation of the Fourteenth Amendment to the Federal Constitution. This court held to the contrary.
2. Appellant contended that section 813-a of the Code of Criminal Procedure of the State of New York and section 12 of article I of the Constitution of the State of New York conflict with section 605 of the Federal Communications Act (TJ. S. Code, tit. 47, § 605) and are invalid and must yield under the supremacy clause of the Federal Constitution (art. VI, cl. 2). This court held to the contrary.
3. Appellant contended that section 813-a of the Code of Criminal Procedure of the State of New York and section 12 of article I of the Constitution of the State of New York are-unconstitutional in that they and the- ensuing enforcing by compulsion of defendant to testify with respect to the intercepted telephone communications between George Scalise and appellant constitute the making and enforcing by the State of New York of laws which abridge the privilege or immunity afforded appellant by section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605), in violation of the Fourteenth Amendment to the Federal Constitution. This court held to the contrary. [See 2 N Y 2d 210.]